**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEVE GORDON THURMAN,
        Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
AT-1221-16-0220-W-1

DATE: October 14, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ward A. Meythaler</u>, Tampa, Florida, for the appellant.

<u>Janell N. Bell</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant, who was a Police Officer at the Veterans Affairs (VA) Medical Center in Tampa, Florida (Tampa VA), applied for the Chief of Police position in October 2014, but was not selected. Initial Appeal File (IAF), Tab 5 at 81-86, 182. The appellant alleges that the Tampa VA's Associate Director admitted during a December 10, 2014 meeting that the appellant was "without a doubt [t]he best qualified for the position," but that the current Deputy Chief of Police "was the heir-Apparent for [the] job" of Police Chief and "was going to be the Chief no matter what." Petition for Review (PFR) File, Tab 1 at 61. The Associate Director allegedly offered the appellant the Deputy Chief of Police position instead. *Id.* The appellant contested the preselection to the Associate Director and subsequently to various other agency officials. *Id.* at 61-62. In April 2015, the agency proposed the appellant's suspension for 14 days, and that action was effected in July 2015. IAF, Tab 5 at 22-31, 90-92.

¶3     The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that his suspension was in retaliation for his disclosures regarding the agency's unfair hiring practices and preselection for the Chief of Police position. PFR File, Tab 1 at 57. In a written statement that the appellant allegedly submitted with his OSC complaint, he claimed that he made various disclosures to eight agency officials concerning the selection for the Police Chief position. *Id.* at 61-63, 71. In a letter dated October 21, 2015, OSC notified the appellant that it had closed its inquiry into his complaint. *Id.* at 57-58.

¶4     The appellant thereafter filed this IRA appeal with the Board and requested a hearing. IAF, Tab 1. In an order on jurisdiction, the administrative judge informed the appellant that the Board might not have jurisdiction over the appeal, apprised him of his burden of proving jurisdiction, and ordered him to file a

statement and evidence on the jurisdictional issue. IAF, Tab 3. The record does not include a jurisdictional response from the appellant, and thereafter the administrative judge reiterated his order for the appellant to establish jurisdiction and directed the appellant to show cause why the appeal should not be dismissed. IAF, Tab 17 at 1-2. The appellant responded. IAF, Tab 18.

¶5    Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 21, Initial Decision (ID) at 1, 5-6. Specifically, the administrative judge found that the appellant failed to prove that he exhausted his administrative remedies with OSC. ID at 4-5. The administrative judge further found that the appellant failed to make a nonfrivolous allegation that his protected disclosures were a contributing factor in his suspension. ID at 5.

¶6    The appellant has filed a petition for review claiming, among other things, that the administrative judge failed to consider his response to the jurisdictional order. PFR File, Tab 1 at 8, 12-14. He has submitted a jurisdictional response on review that he claims was filed with the administrative judge and not considered. *Id.* at 8, 12-14, 21-70. The agency has filed a response, PFR File, Tab 5, to which the appellant has replied, PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW[2]

¶7    Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). For the following reasons, we vacate the initial decision because we find that the appellant has established jurisdiction over his IRA appeal.

¶8      In his petition for review, the appellant argues that the administrative judge erroneously failed to consider his response to the jurisdiction order dated January 5, 2016. PFR File, Tab 1 at 8, 12-14; IAF, Tab 3. He has submitted evidence purportedly showing that he faxed a document titled "Appellant's Response to Order on Jurisdiction and Proof Requirements" to both the administrative judge and agency representative on January 13, 2016. PFR File, Tab 1 at 67-70. In addition, the agency representative concedes that the agency received the appellant's jurisdictional response below. PFR File, Tab 5 at 6. However, as previously noted, this submission was not included in the record.

¶9      Although the appellant's assertions suggest that he responded to the January 5, 2016 Order, we need not make a finding on the matter or determine if there was an adjudicatory error. The issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010). Therefore, we will consider the appellant's jurisdictional evidence submitted on review. *See id.*, ¶¶ 5, 9 (remanding the appellant's IRA appeal for adjudication when she submitted evidence of OSC exhaustion for the first time on review). This includes the appellant's statements made in an affidavit dated July 21, 2016, which he submitted on review. PFR File, Tab 1 at 71-72. In particular, we consider his statement that he submitted a document titled "Prohibited Personal [sic] Practice" to OSC in connection with his OSC complaint. *Id.* at 60-66, 71. We also consider his statement that, in his OSC complaint, he raised the issue of the agency's gross waste of funds by conducting interviews for the Police Chief position when it had made a preselection. *Id.* at 72.

### The appellant has proven by preponderant evidence that he exhausted his administrative remedies before OSC regarding his disclosures.

¶10      In an IRA appeal, the appellant must first prove that the Board has jurisdiction over the appeal by proving, inter alia, that he exhausted his administrative remedies before OSC.  5 U.S.C. § 1214(a)(3).  The Board has recently clarified the substantive requirements of exhaustion.  *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11.  The requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation.  The Board's jurisdiction is limited to those issues that have been previously raised with OSC.  However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC.  An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations.  An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal.  *Id.*

¶11      For the following reasons, we find that the appellant provided OSC with a sufficient basis to pursue an investigation involving his disclosures of unfair hiring practices at the Tampa VA.  On appeal before the Board, the appellant provided a sworn affidavit averring that he submitted a letter to OSC outlining various disclosures to eight agency officials.  PFR File, Tab 1 at 61-63, 71.  The appellant, in his letter to OSC, contended that on December 30, 2014, he told the Tampa VA's Associate Director that he could not choose the selectee for the Police Chief position because the appellant was the only qualified candidate who met the time-in-grade key requirement of the position, and other issues existed with the selectee's application.  *Id.* at 61.  The appellant also alleged in his letter that he documented his concerns about the selectee's qualifications and his

apparent preselection in a December 31, 2014 email to the Associate Director. *Id.* at 62. Next, the appellant asserted in his letter that, when a human resources (HR) official contacted the appellant on January 9, 2015, to announce the final selection for the Police Chief position, he told the HR official the selectee was not qualified for the position. *Id.* The appellant alleges that he next communicated the issue with the preselection to his own supervisor, also on January 9, 2015, followed by four other HR officials that same afternoon, including the Assistant HR Chief and the Acting HR Chief. *Id.* Finally, the appellant indicated in his letter that he told "many others in leadership," including the Chief of Staff and the former Chief of Police, of the alleged prohibited personnel practice. *Id.* at 63. Altogether, the letter the appellant submitted to OSC identifies the content of his disclosures, the individuals to whom they were made, the nature of the personnel action that was allegedly taken in retaliation, and the individuals responsible for taking that action. This gave OSC more than sufficient basis to pursue an investigation. *Id.* at 60-66. Therefore, we find that the appellant exhausted his administrative remedies before OSC regarding these disclosures.

¶12    In addition to the aforementioned disclosures, the appellant claims that he communicated to the Acting HR Chief on December 10, 2014, that the other applicant for the Police Chief position was not qualified. PFR File, Tab 1 at 9, 24. While this particular disclosure was not explicitly communicated in the document he submitted to OSC, the document did reference his December 10, 2014 contact with the Acting HR Chief. *Id.* at 61. Furthermore, the appellant alleges he continued to express his concerns to the Acting HR Chief about the selection process. *Id.* at 62. We find that this gave OSC sufficient basis to pursue an investigation into the appellant's disclosures as early as December 10, 2014.

¶13    Additionally, the appellant, in an affidavit he submitted on review to the Board, avers that he raised a concern with OSC that the Tampa VA's interview

process for the Police Chief position constituted a gross waste of funds, given its preselection of a candidate for the position. *Id.* at 72.[3] By contrast, the record contains no evidence regarding whether the appellant raised with OSC the allegation subsequently raised before the Board that the preselection was an abuse of authority by the selecting official. IAF, Tab 18 at 5-7; *see Hansen v. Merit Systems Protection Board*, 746 F. App'x 976, 980 (Fed. Cir. 2018) (defining abuse of authority as, for example, "an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons"). Nevertheless, as long as an appellant provides OSC with sufficient basis to pursue an investigation, he need not explicitly or even correctly label all legal theories behind a claim for it to be considered exhausted before OSC. As we have previously held, OSC can be expected to know which category of wrongdoing might be implicated by a particular set of factual allegations. *Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶ 12 (2008); *see also Mount v. Department of Homeland Security*, 937 F.3d 37, 47-48 (1st Cir. 2019). Thus, we find that the administrative judge should have considered these allegations, which were raised below. IAF, Tab 18 at 5.

The appellant has nonfrivolously alleged that he made protected disclosures.

¶14    A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno*, 123 M.S.P.R. 230, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a

---

[3] The appellant also alleged below that he made disclosures regarding safety issues with officers not "arming up" and the issuance of overtime money to officers on travel. IAF, Tab 18 at 5, 7. Because the appellant asserts on review that these disclosures are no longer part of this appeal, we decline to address them further. PFR File, Tab 1 at 11-12.

disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific, not vague allegations of wrongdoing. *Id.*; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

¶15    Here, the appellant argued that his disclosures to various VA officials concerning the qualifications and preselection of the selectee for the Police Chief position were protected because a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the agency's selection violated a law, rule, or regulation concerning Federal hiring practices. PFR File, Tab 1 at 61-62. Specifically, the appellant asserted that the selectee did not meet the time-in-grade key requirement of the Police Chief position. *Id.* at 5, 9, 21, 24, 61-62; IAF, Tab 1 at 6, Tab 18 at 5. The record supports his allegation that the Police Chief position was subject to a time-in-grade key requirement. IAF, Tab 5 at 82. Additionally, the appellant alleged that the agency had conducted a "sham" hiring process with the intent to simply hire the selectee. PFR File, Tab 1 at 22, 61-62; IAF, Tab 1 at 6, Tab 18 at 5-6. We find that the appellant has made a nonfrivolous allegation that these disclosures were protected.

The appellant has nonfrivolously alleged that his protected disclosures were a contributing factor in his suspension.

¶16    To satisfy the contributing factor criterion at the jurisdictional stage of the case, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the

personnel action in any way. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015). One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

¶17        Here, we find that the appellant has made a nonfrivolous allegation that the proposing and deciding officials knew of his protected disclosures shortly before they suspended him. PFR File, Tab 1 at 10, 25; IAF, Tab 18 at 5. In the appellant's written reply to the proposed suspension, he wrote that he "reported" to the Associate Director and an HR official that the selectee for the Police Chief position did not meet the time-in-grade key requirement of the position. The appellant likewise reported that the selectee was being selected because he was the "heir apparent," and so his qualifications did not matter. IAF, Tab 5 at 50-51. The proposing official followed up on the appellant's written reply by asking an agency official whether the selectee for the Police Chief position met the time-in-grade key requirement. *Id.* at 139. Further, the deciding official stated that she considered the appellant's written reply in reaching her decision to suspend him. *Id.* at 30. Thus, we find that the appellant has met the requirements of the knowledge-timing test, and therefore has satisfied the contributing factor criterion.

¶18        Accordingly, we conclude that the appellant has established jurisdiction over his IRA appeal, and thus, we must remand the appeal for a hearing on the merits of his claim. *See Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶¶ 20-21 (2002) (remanding the appellant's IRA appeal for a hearing on the merits when he established the Board's jurisdiction).

## ORDER

¶19     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          _/s/ for_____

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.